**In re FULWOOD ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 82–0818–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 29, 1989.

Logan Browning, C.P.A., Tampa, Fla., trustee, for debtor.

William Register, Jr., Tampa, Fla., for trustee.

Jeffrey Warren, Tampa, Fla., for Creditors Committee.

Jerrold Lupoff, Garden City, N.Y., for creditors Frank Diehl and Frank Mascioli.

Brian Bolves, Tampa, Fla., for Nelton Zuppa.

## ORDER ON JOINT APPLICATION OF TRUSTEE AND CREDITORS COMMITTEE FOR ORDER APPROVING SALE OF GREENHOUSE PROPERTY

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the matter under consideration is a Joint Application by the Trustee and the Creditors Committee for an Order approving the sale of the property owned by the Debtor known as the Greenhouse Property. In opposition to the sale, an objection has been filed by Frank Diehl (Diehl) and Frank Mascioli (Mascioli) which objects to the sealed bid auction that was held by the Trustee because Diehl and Mascioli were originally the high bidders at a court-approved public auction. The following facts concerning the history of the sale of the property are as follows:

On January 26, 1989, this Court approved a public auction for the property owned by the Debtor known as Fulwood Farms Greenhouse Property (Greenhouse Property) and the employment of Higgenbotham, Inc., as the professional auctioneer. The auction was held on April 10, 1989, and was conducted by Higgenbotham, Inc., under the direction of Mr. Higgenbotham, a well-known, experienced auctioneer. Present at that auction were Diehl and Mascioli, the highest bidders at the auction with a bid of $390,000. Pursuant to Court Order, the Trustee was directed, after having received the contract for sale of the property, to submit the contract for court approval. At the hearing on June 27, 1989, the Trustee submitted to the Court a contract for sale by a Mr. Nelton Zuppa, who had made a private offer for the property of $410,000, but after the auction was finished. Based on the fact that the sale of the property to Mr. Zuppa was for a higher price, the Trustee requested this Court to throw out the public auction and accept Mr. Zuppa's

offer. It was represented to the Court at the time that Mr. Zuppa had no knowledge of the auction and was not present at the auction held on April 10, 1989, and, therefore, did not have the opportunity to participate in the auction. Based on these representations, and/or the failure of anyone to correct these representations, the Court threw out the results of the public auction, denied the request for approval of Mr. Zuppa's offer, and directed the Trustee to start from scratch and ordered a sealed bid sale. The Trustee thereafter conducted a sealed bid sale whereby Mr. Zuppa was the highest bidder. That contract for sale of the Greenhouse Property for $427,000 to Mr. Zuppa is presently before the Court for approval.

Diehl and Mascioli have objected to the sale in that it has been brought to their attention that Mr. Zuppa was present at the auction on April 10, 1989, and did, in fact, participate in the auction, and was the second highest bidder, having lost out at the court-approved public sale and, therefore, should not be allowed another crack at the property some weeks or months later. This Court is of the opinion that the integrity of public auctions is at stake with a factual scenario such as has just been recited, and that it would be impermissible to allow the second highest bidder to come in after the auction is over and after failing to succeed and destroy the public auction. The original high bid was accepted and approved and unless the Trustee can show that the price offered for the property is wholly inadequate, the original public auction sale should stand.

Further, this Court is of the opinion that the involvement and the conduct of the Trustee in expressing the principle that the "end satisfies the means" is destructive to the court-approved auction process and this Court refuses to adopt such a proposition.

Therefore, the Court disapproves the Joint Application for Sale of the Greenhouse Property and sustains the Objection by Diehl and Mascioli. Further, the original offer of Diehl and Mascioli from the April 10, 1989, public auction shall be approved by this Court unless the Trustee requests an evidentiary hearing and can prove to this Court not just that he has received a higher offer on the property, but that the offer that he has received is wholly inadequate, and cannot be substantiated by any market values.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection by Diehl and Mascioli be, and the same is hereby, sustained and that the Joint Application for Sale of the Greenhouse Property be, and the same is hereby, disapproved. It is further

ORDERED, ADJUDGED AND DECREED that the original Contract for Sale of the Greenhouse Property to Diehl and Mascioli for $390,000 be, and the same is hereby, approved unless the Trustee requests an evidentiary hearing within ten (10) days from the date of the entry of this Order.

DONE AND ORDERED.